El Pueblo de Puerto Rico, demandante y apelado, *v.* Fructuoso Fernández, acusado y apelante.

Núm. 6883.—*Sometido:* Febrero 25, 1938. *Resuelto:* Marzo 11, 1938.

*Luis Vizcarrondo* y *Adolfo Dones*, abogados del apelante; *R. A. Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Fructuoso Fernández fué acusado de infringir el artículo 18 de la Ley núm. 75 de 1916 (Leyes de ese año, pág. 144), según fué enmendado por la Ley núm. 9 de 1926 (Sesión Extraordinaria de ese año, páginas 23, 27), que lee:

"Toda persona, firma, sociedad o corporación que por sí misma o por medio de sus agentes, transportare en los vehículos pesados de motor, o en los vehículos comerciales, más carga que la autorizada por esta Ley, será multada con cincuenta (50) dólares por la primera infracción; cien (100) dólares por la segunda, y por la tercera infracción le será revocada la licencia del vehículo. A los *chauffeurs* que condujeren por caminos públicos un vehículo pesado de motor o un automóvil comercial con más carga que la autorizada en esta Ley, o a mayor velocidad que la en esta Ley establecida, o desprovisto del aparato para limitar la velocidad que se dispone en el apartado (*c*) del artículo 13 de esta Ley, le será suspendida la licencia por el término de un mes por la primera infracción; seis meses por la segunda, y por la tercera infracción le será revocada la licencia definitivamente. Las infracciones a las otras disposiciones de esta Ley, serán consideradas como delitos menos graves."

La denuncia alegaba que se había hallado que el autocamión del demandado transportaba tres mil libras en exceso del peso que legalmente estaba autorizado a transportar por el Departamento del Interior. El acusado fué declarado culpable y sentenciado por la Corte de Distrito de Guayama a pagar una multa de $50.

En apelación señala tres errores, mas el alegato del acusado no los discute, y aparentemente ha optado por descansar exclusivamente en que la denuncia deja de imputar sufi-

cientemente un delito público, cuestión que suscita ahora por primera vez.

Las contenciones del acusado, según las entendemos, son: (*a*) que el artículo 10 de la Ley núm. 75 de 1916, supra, es discriminatorio, toda vez que fija mayores derechos por tonelada por la licencia de vehículos que transportan más de tres toneladas que para aquéllos que conducen una tonelada o menos, y (*b*) que en ninguna parte de la ley existe un precepto que castigue la transportación de peso en exceso o que defina tal delito.

El primer motivo señalado no es pertinente. No se nos ha pedido que determinemos la constitucionalidad de los derechos por la expedición de una licencia. La decisión de ese punto no alteraría el problema que está ante nos, puesto que el mismo es enteramente distinto y separable de la cuestión que está realmente en controversia.

Los artículos 9, 10 y 18 de la Ley núm. 75 de 1916, según fueron enmendados por la Ley núm. 9 de 1926, son los que deben ser considerados.

El inciso (*c*) del artículo 9 dispone:

"La proporción entre gomas y el peso del vehículo cargado, en el caso de vehículos pesados de motor, será determinada en la forma siguiente: El ancho de las gomas en las ruedas delanteras y traseras de un vehículo pesado de motor o máquina de tracción será tal, que la presión por pulgada de diámetro y por pulgada de ancho de la goma no será mayor de diez y seis libras. Ningún vehículo de motor cuyo peso exceda de cinco y medias toneladas descargado, ni de diez toneladas cuando esté cargado, será permitido en los caminos públicos, con excepción de los vehículos pesados de motor que, con anterioridad a la aprobación de esta Ley, hubieren obtenido licencia con arreglo a la Ley; *Disponiéndose,* que el Comisionado del Interior podrá expedir licencias especiales a vehículos de motor cuyo peso cargado sea mayor de diez toneladas y no exceda de catorce toneladas, para transitar solamente por aquellas carreteras de primera clase que a su juicio puedan resistir estas cargas. Al expedir estas licencias especiales el Comisionado del Interior cobrará los derechos de acuerdo con el artículo 10 de esta Ley.''

La parte del artículo 10 que es aplicable, provee:

"El Comisionado del Interior cobrará los siguientes derechos, pagaderos en sellos de rentas internas, en relación con la explotación de vehículos de motor. Los derechos que se fijan por anualidades, si no se dispusiere otra cosa, se pagarán anticipadamente por todo el año económico o por la parte de éste por correr en la fecha en que se devenguen, contándose las fracciones de mes como un mes completo:

" .    .    .    .    .    .    .    .

"Por licencia de vehículos comerciales de una capacidad de una tonelada o menos, $30 por año; por cada tonelada o fracción de tonelada adicional, $15 por año, hasta tres toneladas de capacidad. Los vehículos comerciales que tengan una capacidad de más de tres toneladas pagarán $100 por año, por las primeras tres toneladas más $50 por tonelada o fracción de tonelada en exceso de tres toneladas que pese el vehículo y su carga; *Disponiéndose,* que los derechos para vehículos comerciales de más de tres toneladas de capacidad podrán ser pagados en dos plazos semestrales, por adelantado."

Conforme hemos visto, el artículo 18 dispone: "Toda persona, firma, etc., que por sí misma o por medio de sus agentes, transportare en los vehículos pesados de motor o en los vehículos comerciales, *más carga que la autorizada por esta Ley, será multada* con cincuenta (50) dólares, etc. . . ." Tan sólo la interpretación de las palabras subrayadas es importante.

El autocamión del demandado, cuando estaba descargado, pesaba, según el certificado del Comisionado, cuatro toneladas o sea 8,000 libras. Se halló que transportaba cuatro toneladas y media, o 9,000 libras, lo que hacía un peso total de ocho y media toneladas o 17,000 libras. Él había pagado por una licencia para transportar tres toneladas, y en su consecuencia conducía una y media toneladas sin haber pagado los derechos correspondientes.

La cuestión entonces es si el artículo 18, supra, se refiere únicamente a aquellos vehículos que cargados tienen un peso mayor que el sancionado por el inciso *c* del artículo 9, o si se tuvo la intención de que comprendiera también un caso como el presente, en que el acusado transporta un peso que

está muy por debajo del límite de diez toneladas fijado en el artículo 9, pero que conduce un peso por el cual no ha pagado los derechos.

En nuestra opinión, las multas fijadas en el artículo 18 se refieren al inciso c del artículo 9 y no a casos como el que está ante nos. Creemos que si hubiera sido la intención incluir casos como el presente, la ley hubiera dicho expresamente algo similar a lo que sigue: "Toda persona, etc. . . . que . . . transportare en los vehículos pesados de motor . . . más carga que la autorizada por esta ley, o en exceso de la carga para la cual hubiere pagado derechos de licencia, de conformidad con el artículo 10 de la presente ley, será multada, etc." Al artículo 10 pudo agregársele una cláusula fijando la correspondiente penalidad en caso de que se infringiera el mismo. Existe suficiente duda en nuestra mente respecto a la aplicabilidad del artículo 18, supra, a este caso, para que creamos que al acusado debe dársele el beneficio de la misma.

*Debe revocarse la sentencia de la corte inferior y absolverse al acusado.*

El Juez Asociado Señor Córdova Dávila no intervino.